# BORDA

*v.*

# BORDA

San Juan, Equity, No. 990.

As to Attorneys' Fees.

Trustee—Attorneys' Fees.

A trustee can be allowed the actual attorney's fees paid for the benefit of the estate; and when it is not clear whether the services are rendered to him individually or to the estate, he will not be reimbursed.

Opinion filed December 1, 1917.

*Mr. Frank Martinez* for plaintiffs.

*Mr. H. G. Molina* for defendant.

Hamilton, Judge, delivered the following opinion:

The merits of this case have been disposed of. The evidence developed that all three parties own a sugar plantation known as the Hacienda Esperanza, and that from force of circumstances the defendant took or remained in charge and administered it for the joint account. He is a man of large business interests otherwise. The result is that some things have been done for the account of the estate and some things have been

Borda v. Borda.

done to protect his individual interest in the estate. The accounts he has kept have not always distinguished between these two objects, and yet the distinction is essential to the consideration of his accounts. Particularly is it difficult in regard to the matter of attorneys' fees. The joint owners unfortunately differed as to many things, and there has been litigation between them. Whatever legal charges can be shown to have been expended by the defendant as quasi trustee for the benefit of the estate should be allowed him and charged against the estate; whatever he expended in protecting his individual interests against the claims of his two brothers is his individual matter, and must be borne by him.

It appears that he had dealings with the Plazuela Sugar Company. They had already a contract for handling the sugar, and defendant succeeded in having them raise the price. Everything, attorneys' fees and otherwise, connected with this, was for the joint account, and should be allowed. He had also litigation with them growing out of the fact that his two brothers interfered with the management of the property and endeavored to have payments made to each of them by Plazuela, instead of to him as administrator. In this litigation he was successful; that is to say, the litigation was settled out of court and dismissed. Whatever appertains to this should be allowed him, as it was conducted for the benefit of the estate, and was not successfully impugned. On the other hand, differences between the parties seem to have led to an arbitration and compromise, which the attorneys on each side endeavored to carry out. It cannot be said that his expenses on this behalf were for the benefit of the estate, and the defendant should bear whatever strictly arises from this. Further-

more, if there is doubt as to any item, it must be resolved against the trustee. There may be no actual delinquency, but it is the duty of the trustee, if not to keep his personal accounts separate, at least to bring convincing evidence of what was done for the estate benefit. If, by accident or otherwise, he does not do this, he, and not the estate, must lose.

It was previously ordered by the court that this matter of attorney's fees should be referred to a master, but by consent of parties the matter has been taken up before the court, and a decree will now be formulated. This saves the time and expense of the execution of the reference and exceptions to the report of the master.

In the opinion previously filed it was held that, of the $4,110 claimed by the defendant, the sum of $110 was properly expended by him in the management of the Hacienda Esperanza, and should be reimbursed him. The rest of the charge was left open for further proof.

Upon the evidence submitted on the hearing it seems that there were two sums of $2,000 each paid by the defendant as attorneys' fees in this behalf,—the one to Muñoz Morales and the other to H. G. Molina, both attorneys practising in this court. In neither instance was the bill or receipt itemized so as to distinguish what it covered. Mr. Muñoz Morales testified that his bill covered three sets of services; First, those connected with the differences which had arisen with the Plaznela Sugar Company in connection with cane contracts, particularly the percentage to be paid by the factory. This would be for the account of the Hacienda, and should be reimbursed to the defendant, trustee in the premises. No basis, however, is afforded by Mr. Muñoz Morales for calculating what

Borda v. Borda.

proportion of the $2,000 should be allotted to this division of the service. It seems to have resulted, however, in the increase of a ½ cent or more per hundred pounds, and benefited the estate perhaps $17,000. No fee bill has been submitted; but there is a general analogy to the 5 per cent allowed for a fund brought into court. This fund was not brought into court, but the charge for obtaining it is. Considering the protracted nature of the negotiations and their favorable result, it could not be said that $1,000 would be excessive. Mr. Muñoz Morales testified that the second division of the fee related to the suit of the plaintiffs against the defendant in the local court of Arecibo seeking to have him superseded by a judicial administrator. It seems that in this suit he was successful; that is to say, that the suit was withdrawn. This would be a proceeding against him as trustee successfully resisted by him, and whether the suit was brought by the co-owners or by outsiders would not change the nature of the transaction. He should be allowed reimbursement of proper counsel fees for this service. As to amount, here again is a lack of evidence, but, considering the value of the property involved rented soon for $37,000, it could not be said that about $1,000 would be excessive for this service. The third division of the service of Mr. Muñoz Morales was with regard to a compromise between the brothers, and he adds, "Also in connection with the interest of the Esperanza estate." This is doubtfully expressed, and, if resolved against the proponent, all the $2,000 cannot be allowed for the first two services, inasmuch as part was for the third.

On the other hand, the Molina services came after those of Muñoz Morales, and seem to be mainly connected with an at-

### Borda v. Borda.

tempt to harmonize the conflicting interests of the brothers, each side being represented by counsel. Defendant seems to have consulted Molina in all matters, and something may be allowed at least as a retainer for the estate. Mr. Molina seems to have earnestly striven to increase the size of the rent proposed to be paid for the property, after renting had been agreed upon. If this stood alone, there should be some reimbursement for the fee paid to Molina; but, on the other hand, Mr. Martinez, representing the plaintiffs, seems to have been working to the same end. If Mr. Martinez had secured a raise in the bid it is difficult to see how this could have been charged against the estate, for he certainly was representing the plaintiffs only. Mr. Molina apparently did secure such a raise in the absence of Mr. Martinez; how, on principle therefore, can this be allowed to the other owner as against the estate? This last owner happened to be the trustee of the estate, but it was not to him as trustee that this service of attorney was rendered. It was to him as co-owner. The rent secured goes to the owners as such, not to the trustee.

It would seem, therefore, on the whole that the $4,000 can fairly be divided, half being chargeable to the estate and half borne by the defendant as personal services to him. This will effect substantial justice. A decree will be entered accordingly, allowing defendant $2,110 of the amount claimed in the account.

It is so ordered.